http://www.va.gov/vetapp16/Files4/1630406.txt

Citation Nr: 1630406 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 13-27 179 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma

THE ISSUES

1. Evaluation of major depressive disorder, currently rated as 50 percent disabling.

2. Entitlement to a total disability rating based on individual unemployability (TDIU).

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESSES AT HEARING ON APPEAL

The Veteran, C.W., and A.W.

ATTORNEY FOR THE BOARD

A. Rocktashel, Associate Counsel
INTRODUCTION

The Veteran served on active duty from January 1978 to July 1978, and from April 1979 to November 1979. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Little Rock, Arkansas. Jurisdiction of the case is with the Muskogee, Oklahoma Regional Office.

In May 2016, the Veteran testified before the undersigned at a Travel Board hearing held at the RO. A transcript of that hearing is of record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

In May 2016, the Veteran testified at the Board hearing that his major depressive disorder had worsened since his last VA examination in May 2012. As the evidence suggests a potential worsening in the disability, reexamination is warranted under 38 C.F.R. § 3.327. 

Additionally with respect to TDIU, an assessment a vocational expert may be necessary in some cases to address the facts of a particular case, such as when a veteran is "found medically qualified for a particular type of job, but there [is] an unusually difficult question as to whether the veteran ha[s] the educational or vocational skills for the position." VA retains discretion to determine whether such assistance is necessary. Smith v. Shinseki, 647 F.3d 1380 (Fed. Cir. 2011). Here, there is a difficult question as to whether the Veteran has the educational or vocational skills for substantially gainful employment. Therefore, a vocational assessment is warranted.
Accordingly, the case is REMANDED for the following action:

1. Ask the Veteran to identify and provide authorization to obtain any outstanding, relevant treatment records. After securing the necessary authorization, these records should be requested. If any records are not available, the Veteran should be notified of such.

2. Associate with the claims file any outstanding VA treatment records concerning mental health treatment. Additionally, obtain updated records from the Tulsa Vet Center. If no additional records exist, a notation in the claims file stating so must be made.

3. Schedule the Veteran for a VA examination by an appropriate medical professional. The examiner is to identify the current severity of the Veteran's service-connected major depressive disorder. 

The examiner is to review the entire claims file. The examination report must include a rationale for all opinions expressed.

4. Thereafter, the claims file should be forwarded to a VA vocational specialist for review. The vocational specialist is requested to address the functional effects that the Veteran's service-connected major depressive disorder, tinnitus and bilateral hearing loss have (alone or in combination) on his ability to secure or follow a substantially gainful occupation.

When addressing the functional effects, the examiner should consider the Veteran's level of education, special training, and previous work experience but must not consider the Veteran's age or any nonservice-connected disabilities. The examiner should also consider the effects, if any, of medications taken to treat service-connected disability on the Veteran's ability to secure or follow a substantially gainful occupation.

5. If, upon completion of the above action, any benefit sought on appeal remains denied, the case should be returned to the Board after compliance with appellate procedure.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
T. MAINELLI
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).